STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
SHINING J. HSU (CABN 317917)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7022
    FAX: (415) 436-6748
    Shining.Hsu@usdoj.gov

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LEWIS WALLACH,<br><br>    Defendant. | CASE NO. 20-CR-365 MMC<br><br>**STIPULATION AND [PROPOSED] ORDER TO APPOINT RECEIVER OVER ASSETS HELD IN JESERRA CAPITAL, LLC, AND LIBERTY LAKES RESORT, LLC** |

    Defendant Lewis Wallach ("Defendant"), by and through his counsel, and the United States, by and through Assistant United States Attorney Shining J. Hsu, hereby stipulate and agree as follows:

    1.    Upon discussion and agreement, and predicated on the facts herein, the parties seek the appointment of a receiver, pursuant to 28 U.S.C. § 2001 and the Federal Debt Collection Procedure Act ("FDCPA") at 28 U.S.C. §§ 3001-3308, to manage and to liquidate the assets of Jeserra Capital, LLC ("Jeserra") and Liberty Lakes Resort, LLC ("LLR") (collectively, "LLCs"), including but not limited to the assets described herein, and for the liquidated funds to be placed into the Court's registry.

    2.    In addition to the assets described herein, the parties agree the receiver is empowered to act upon any asset later discovered to belong to Jeserra and/or LLR, without the need to seek further court order.

**FACTS**

3. On September 24, 2021, the Court entered a Judgment in a Criminal Case. Dkt. no. 45. As stated in the Judgment, the Court sentenced Defendant to a term of imprisonment of 144 months. *Id.* at 2. The Court ordered Defendant to pay a special assessment of $200, with the amount of restitution to be determined on a later date. *Id.* at 6.

4. The Court entered an amended judgment on June 6, 2022, which ordered restitution in the amount of approximately $109,953,495.90, and a special assessment in the amount of approximately $200.00. Dkt. no. 63. Interest on the restitution is set in accordance with 18 U.S.C. § 3612(f).

5. Upon the entry of judgment, a lien arose in favor of the government against all of Defendant's property, and rights to property, pursuant to 18 U.S.C. § 3613(c).

6. Upon entry of the restitution judgment, the government perfected its lien by recording same in accordance with 18 U.S.C. § 3613(d).

7. Defendant self-surrendered on February 18, 2022, to begin serving his custodial sentence. *See*, Dkt. no. 57.

8. Defendant is the sole member and manager of Jeserra, a limited liability company formed under Texas state law. Jeserra is assigned Texas Secretary of State File Number 0802486734, with registered office street address of 206 E. 9th St., Ste. 1300, Austin, TX, 78701.

9. Defendant is the sole member and manager of LLR, a limited liability company formed under Texas state law. LLR is assigned Texas Secretary of State File Number 0801227351, with registered office street address of 206 E. 9th St., Ste. 1300, Austin, TX 78701.

10. The LLCs' known assets ("LLC Assets") and liabilities include:

   a. title to parcels of unimproved real estate held by Jeserra[1] or LLR. Jeserra's and LLR's real property holdings are located in Liberty County, Texas. The LLCs' properties are subject to property taxes, and the government's lien.

---

[1] The government is aware of title documents with the name of Jeserra, LLC misspelled as "Jessera, LLC," or "Jesserra, LLC." A search of the State of Texas Secretary of State's website yielded no legal entities with the name of "Jessera, LLC" or "Jesserra, LLC." Therefore, the government concludes the imposition of a receivership over assets belonging to an entity with an aforementioned misspelling is appropriate, as a misspelling was inadvertent clerical error.

      b.   Mortgage notes on properties previously sold by Jeserra or LLR (i.e., seller take-back financing). The real property underlying the mortgage notes are located in Liberty County, Texas.

      c.   A Wells Fargo bank account, bearing account number ending -5201, in the name of Jeserra.

      d.   A Wells Fargo bank account, bearing account number ending -3521, in the name of LLR.

      e.   A loan servicing contract with Axis Financial Services (the "Axis Contract").

11. Defendant was the sole owner and individual responsible for the management of the LLCs, including responsibilities such as: hiring and supervising Axis Financial Services, a third party entity servicing some of the seller take-back mortgages owned by the LLCs; payment of property taxes; arranging sales of property parcels; and directing foreclosure proceedings on delinquent purchaser-mortgagors.

12. Since Defendant commenced his custodial sentence, Defendant has been unable to manage the LLC Assets such that, pursuant to 28 U.S.C. § 3101(b)(1)(B), his property is at substantial risk of waste, destruction, or mismanagement, with the effect of hindering or delaying the United States from recovering Defendant's impending restitution debt.

13. Upon advice of counsel, Defendant has been informed of and hereby waives his opportunity for a hearing under 28 U.S.C. § 3101(a)(3)(A).

14. As a result, the parties consensually seek the appointment of the United States Marshal to act as receiver pursuant to 28 U.S.C. § 3103, to secure, manage and liquidate the LLC Assets.

SO STIPULATED.

DATED: June 30, 2022

STEPHANIE M. HINDS
United States Attorney

*/s/ Shining J. Hsu*
SHINING J. HSU
Assistant United States Attorney

1  SO STIPULATED.

2  DATED: June 30, 2022                    */s/ Carly Bittman
                                            CARLY BITTMAN
3                                           Attorney for Defendant Lewis Wallach

4

5  WITHOUT OBJECTION.

6  DATED: June 2, 2022                     */s/ E. Derick Mendoza
                                            E. Derick Mendoza
7                                           Attorney for Liberty County Tax Collector,
                                            Tarkington ISD
8

9

10  *In compliance with Civil Local Rule 5-1(h)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in this filing of this document.

**[PROPOSED] ORDER**

Based on the Court's record, and the above submissions, stipulations, and agreements, the Court finds just cause to direct the appointment of the U.S. Marshal's Service as receiver over the assets of Jeserra Capital, LLC, and Liberty Lakes Resort, LLC.

Accordingly, for the reasons stated above, it is hereby ORDERED that the U.S. Marshal is appointed as receiver ("Receiver") for the assets held in the names of Jeserra, LLC and/or Liberty Lakes Resort, LLC ("LLC Assets") for the purposes of assisting in the enforcement of the federal lien against the Defendant's assets as controlled by him through solely owned- and solely managed- LLCs, pursuant to 28 U.S.C. § 2001 and the Federal Debt Collection Procedure Act at 28 U.S.C. §§ 3001-3308. The Receiver is directed to take possession and control of the LLC Assets on or before ten days from the entry of this order, to preserve and protect the value of the LLC Assets, and to arrange for the sale of any real property, mortgages, or other saleable assets and clear of any rights, titles, claims, or interests of the Defendant, the United States, the taxing authorities of Liberty County, TX, and Tarkington ISD, or any other party in interest.

**Receiver's Powers and Duties**

1. The Receiver shall have the authority to arrange for the sale of any real or personal property assets held by the LLCs, including assets later discovered to be owned by the LLCs. Unless otherwise ordered by the Court, all assets shall be marketed to the public. Due to the public nature of the sales, no further order from this Court is required to close the sale, pursuant to 28 U.S.C. § 2001(a). The Receiver shall have the authority to issue warranty deeds in the name of the LLCs, notwithstanding whether or not the LLCs are in good standing.

2. The Receiver shall have all of the rights and powers necessary to fulfill his obligations under this order, specifically including, but not necessarily limited to:

   a. the power to enter real property owned by the LLCs;
   b. to contract with a third party to change the locks, if any, and recover such costs from the sales proceeds;
   c. to take possession and control of LLC Assets;
   d. to manage and lease the LLC Assets;

STIPULATION AND [PROPOSED] ORDER TO APPOINT RECEIVER
20-CR-365 MMC

  e. to procure and maintain insurance to protect the LLC Assets;

  f. to retain the Axis Contract to facilitate loan servicing;

  g. enter into new contracts to facilitate the management of the LLC Assets;

  h. to have its contractor set up accounts in the name of "ORE Financial Services as agent for the USMS as Receiver for Jeserra/LLR" (the "Receiver Accounts");

  i. to close the existing LLCs' accounts and sweep the balance of those accounts into the Receiver Accounts;

  j. to sue for and collect receivables due to the LLCs;

  k. to retain counsel to assist in the collection of receivables due to the LLCs, to evict occupants, and foreclose on LLC Assets, as allowed by law, notwithstanding whether or not the LLCs are in good standing in the State of Texas;

  l. to accept a deed-in-lieu of foreclosure of LLC Assets;

  m. to take any action reasonably necessary to protect and preserve the value of the LLC Assets prior to sale;

  n. to put the LLC Assets into saleable condition, including making expenditures of funds that are first approved by the United States for reasonable and necessary maintenance, repairs, and improvements;

  o. to advertise the sale of the LLC Assets; and

  p. to warrant, in the name of the LLCs, title to sold Assets.

3. In selling any LLC Assets, the Receiver shall endeavor to, where commercially feasible, undertake a public sale, use real estate brokers and multiple listing services, and retain Colliers International to identify and manage brokers, retain sub-contractors, and advise on pricing and offers. Colliers International shall receive a disposition fee of 1.85% of the sales price of each LLC Asset for which it advises. The fees of the Receiver's contractor shall be dictated by the in-place contract which has been generated by the government's public procurement process. All other costs and expenses related to custody, management, and administration of the LLC Assets, which are not covered by the in-place contracts, shall be authorized in advance by the Receiver from time to time. Such amounts shall not include any markup by the Receiver's contractor.

STIPULATION AND [PROPOSED] ORDER TO APPOINT RECEIVER
20-CR-365 MMC

4. The Receiver shall maintain written accounts in accordance with 28 U.S.C. § 3103(d). The Receiver shall file written reports every 60 days, or as directed by the Court. The Receiver shall serve copies of the reports upon Defendant and the United States.

5. The Receiver shall continue in their duties until the LLC Assets are liquidated or abandoned, and final reports presented to the court.

6. The Receiver shall place any proceeds of any liquidated LLC Assets, net of fees and costs, into the Court's registry, to be held and applied to Defendant's monetary penalties in accordance with 18 U.S.C. § 3612(c)(1)-(3). The foregoing notwithstanding, the Receiver, until final disposition of all LLC Assets, may retain in the Receiver Accounts, the amounts swept from the LLCs' accounts, 10% of the net proceeds of the sale of any and all LLC Assets (*i.e.* net of all commissions, liens, expenses, and usual costs of closing), or such lesser amount as it determines is necessary or such greater amount as the Court approves upon application, to use for payment of expenses of administration. The Receiver shall include an accounting of the receipt and use of said proceeds in its regular report to the Court. To the extent it agrees to do so, the Receiver may advance funds to accomplish the tasks allowed by this Order and recover those funds from the income produced by any and all LLC Assets, regardless of which asset occasioned the expense.

**Receiver's Compensation**

The Receiver shall be compensated from the proceeds of the sale of the LLC Assets for his reasonable and necessary expenditures to protect and preserve the value of the Real Property so long as they are first approved by the United States.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: July 5, 2022

_____
HON. MAXINE M. CHESNEY
United States District Judge

STIPULATION AND [PROPOSED] ORDER TO APPOINT RECEIVER
20-CR-365 MMC